**Tami Kay GLASS, Respondent,**

v.

**John Vincent GLASS, Appellant.**

**No. ED 81401.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 27, 2003.

Terry J. Flanagan, St. Louis, for appellant.

Mary Jones Lake, Hillsboro, for Respondent.

GEORGE W. DRAPER III, Judge.

John Vincent Glass (hereinafter, "Father") appeals from the trial court's dismissal of his motion to modify his monthly child support obligation at the close of his evidence. Father claims the trial court erred in dismissing his motion because the trial court should have prepared its own Form 14, he made a prima facie showing of a substantial and continuing change in circumstances under Section 452.370.1 RSMo

(2000)[1] warranting modification, and his income was reduced involuntarily. We reverse and remand.

Father and Tami Kay Glass's (hereinafter, "Mother") marriage was dissolved in 1998. There are two children from the marriage. Pursuant to Form 14 calculations, Father was ordered to pay Mother $885 per month in child support.

Father filed a motion to modify his monthly child support obligation, and a hearing was held in February 2002. At the hearing, Father called Mother to testify and he testified. Mother testified her monthly income is $1,072.50, the children are covered by health insurance she receives from her employment, and she no longer incurs daycare expenses. Father testified he was fired from the position he held at the time of the dissolution. Following his termination, he obtained employment as a dump truck driver, but left that job because it "wasn't worth [his] time to drive up there" for the salary he obtained. Currently, Father fixes cars in his driveway on an as-needed basis. Father no longer provides health insurance for the children. He provided the trial court with his Form 14 and asked it be adopted, thereby, modifying his child support obligation.

At the close of Father's testimony, Mother moved for dismissal of the motion to modify for failure to show a change of circumstances sufficient to support modification. The trial court sustained Mother's motion to dismiss. This appeal follows.[2]

In a court-tried case, a motion to dismiss at the close of the petitioner's evidence is treated as a submission upon the merits, requiring the trial court to determine the credibility of witnesses and to weigh the evidence. *Schleisman v. Schleisman,* 989 S.W.2d 664, 667 (Mo.App. W.D.1999); *Temple v. McCaughen and Burr, Inc.,* 839 S.W.2d 322, 325 (Mo.App. E.D.1992). We will affirm the judgment of the trial court in "denying" Father's motion to modify child support, unless it is not supported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Schleisman,* 989 S.W.2d at 667; *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Father argues in his first point on appeal the trial court should have prepared its own Form 14, and he made a prima facie case showing a substantial and continuing change in circumstances.[3] Father claims, in compliance with Section 452.370, he presented sufficient evidence showing there was a substantial and continuing change in circumstances warranting modification since his Form 14 demonstrates a twenty percent or more change in the child support amount.

When calculating the amount of child support, the use of Form 14 is mandatory. *Nelson v. Nelson,* 14 S.W.3d 645, 652 (Mo. App. E.D.2000); *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo. banc 1997).

[U]nder Rule 88.01 the trial court in all cases involving the award of child support is required to determine and find for the record the presumed correct child support amount calculated pursuant to [Form 14]. The determination and finding of the amount can be done by either accepting for the record a Form 14 amount calculated by a party, or in the event it "rejects" the Form 14

---

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

2. Mother's motion taken with the case for damages due to a frivolous appeal is denied.

3. Attorneys are reminded when drafting their points relied on to review the dictates of *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978) and Rule 84.04(d).

amounts of the parties as being incorrect, doing its own Form 14 calculation.

*Woolridge v. Woolridge*, 915 S.W.2d 372, 381–82 (Mo.App. W.D.1996) (*noting* calculation of child support was an original proceeding). Here, Father submitted his Form 14.

The trial court dismissed his motion to modify, finding there was insufficient evidence to warrant a modification, thereby, implicitly rejecting Father's Form 14. Under *Woolridge*, in an original dissolution proceeding, the trial court is required to either accept a Form 14 from one of the parties or complete its own calculation to determine the amount of child support. *Id.* Subsequent caselaw has interpreted *Woolridge* as requiring a Form 14 to be on record in modification proceedings. *See Nelson*, 14 S.W.3d at 652–53. In this case, it appears that neither the trial court nor Mother prepared their own Form 14. Further, it appears after examining existing caselaw [4] that given a modification case in which there is no credible evidence that a prima facie case is met and the trial court does not modify the amount of child support, there is no need for the trial court to recalculate its own Form 14.

However, from the record in this case and in the absence of findings by the trial court on the record reflecting its opinion regarding the credibility of testimony, evidence or specific figures presented by the parties, it is clear that Father made a prima facie case that a twenty percent change in circumstances since the entry of the original support order occurred. Both Mother and Father testified there were no longer work-related child care expenses. The absence of work-related child care expenses alone demonstrated a twenty percent change in circumstances that supported a modification of child support. In addition to that change, both Mother and Father testified their incomes were reduced. It appears Father voluntarily reduced his income by quitting his $200 a week trucking job. Similarly, Mother testified she earned more money at the time of the original support order.

The trial court may impute income to Father considering he is underemployed voluntarily. *See In re Marriage of Kohring*, 999 S.W.2d 228, 234 (Mo. banc 1999). However, the trial court implicitly rejected Father's Form 14 in the face of the foregoing testimony that circumstances could be changed substantially. Since the trial court did not either create its own Form 14 after Father made a prima facie showing or make findings on the record, we are deprived of meaningful review of the trial court's judgment. *Nelson*, 14 S.W.3d at 653; *Schleisman*, 989 S.W.2d at 673; and *Nichols v. Beran*, 980 S.W.2d 342, 350 (Mo.App. W.D.1998). Therefore, the trial court erroneously applied the law.

Father's first point is dispositive; hence, we will not address his second point on appeal. The judgment of the trial court dismissing or denying Father's motion to modify his child support obligation is reversed, and the cause is remanded with directions to make the required findings pursuant to Rule 88.01 to determine and find for the record the presumed correct child support amount and if necessary,

---

4. See *Woolridge, supra; Nelson*, 14 S.W.3d 645 (continuing and substantial changes in modification procedure required use of Form 14); *Schleisman*, 989 S.W.2d 664 (error to dismiss modification case without Form 14 once a party demonstrated twenty percent change); *Nichols v. Beran*, 980 S.W.2d 342 (Mo.App. W.D.1998) (recalculation of child support required Form 14).

why the presumed correct child support amount should be rebutted.

ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J., concur.