Mary **HUFFMASTER**,
Employee/Respondent,

v.

**AMERICAN RECREATION PRODUCTS**, Employer/Appellant,

and

**Travelers Casualty & Surety Company**,
Insurer/Appellant.

No. ED 86409.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 3, 2006.

---

Mary Anne Lindsey, Robert Edward Bidstrup—co-counsel, St. Louis, MO, for appellant.

Scott Evan Schonbrun, Clayton, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

American Recreation Products (Employer) and Travelers Casualty & Surety Company (Insurer) (collectively Appellants) appeal from the Temporary or Partial Award issued by the Labor and Industrial Relations Commission (Commission) awarding temporary total disability benefits to Mary Huffmaster (Employee). We affirm.

*Factual and Procedural Background*

Employee filed a Claim For Compensation (Claim) against Employer, asserting that Employee broke both her wrists when she tripped and fell on Employer's parking lot as she was leaving work. Employer filed an Answer denying all allegations contained in the Claim. The Administrative Law Judge (ALJ) held a hearing on the Claim, at which the parties stipulated that the issues for resolution were: whether Employee sustained an accident arising out of and in the course of her employment; medical causation; liability for future medical treatment; and liability for future temporary total disability benefits.

After the hearing, the ALJ issued his Temporary or Partial Award, finding that Employee's injuries arose out of and in the course of her employment and granting Employee past temporary total disability benefits from the date of injury to the date of hearing, for a total of $8,205.20 in past temporary total disability, as well as future temporary total disability, until such time as Employee reached maximum medical improvement. The ALJ also ordered Employer to pay Employee's past medical ex-

penses and to provide for Employee any future medical treatment necessary for the injuries she sustained in the accident.

In his Award, the ALJ made the following findings of fact:

1. [Employee], on July 14, 2004, while leaving work at approximately 4:00 PM, walked out the side door of the building which her Employer is a tenant and fell as she walked across the parking lot to her car.

2. [Employee] fell on her hands causing a fracture of her left and right wrists. [Employee]'s Employer was a tenant of the building and surrounding the building was a parking lot where [Employee] would park.

3. [Employee] normally worked from 7:00 AM to 4:00 PM.

4. After [Employee] fell on the ground fellow employees of her Employer helped her and her Employer call an ambulance and took [Employee] to Barnes Jewish Hospital.

5. As a result of the fall [Employee] was operated on by Dr. Martin Boyer who did surgery on the right wrist which had been fractured and also operated on the left wrist which had also sustained a fracture.

6. [Employee] is still off work and under the care of Dr. Boyer and [Employee] has not gone back to work as of the date of the hearing.

Employer filed an Application for Review with the Commission. The Commission issued a Temporary or Partial Award (Affirming Award and Decision of the ALJ with Correction), noting that the case was reviewed concerning the issue of liability only. Having reviewed the evidence and considered the whole record concerning the issue of liability, the Commission found that the Award of the ALJ was supported by competent and substantial evidence and was made in accordance with the Workers' Compensation Act.[1] This appeal follows.

### Points Relied On

In their first point, Appellants maintain that the Commission erred in finding that Employee's fall arose out of and in the course of her employment, because when Employee fell she had completed her work for the day and was on her way to her car to go home, and she did not show that her fall was caused by the condition of Employer's premises or her employment.

In their second and third points, which can be combined for review, Appellants argue that the Commission erred in awarding Employee past temporary total disability benefits and medical expenses, because the parties did not stipulate that Employee's entitlement to these things were issues for the ALJ's resolution at the hearing; and Employee failed to show a sufficient factual basis for an award of past medical expenses and competent and substantial evidence thereof.

### Standard of Review

 Judicial review of the Commission's award is to determine whether the award is supported by competent and substantial evidence upon the whole record. *Ming v. General Motors Corp.*, 130 S.W.3d 665, 667 (Mo.App. E.D.2004). We shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following

---

1. The Commission made one correction to the ALJ's Ruling of Law No. 2 regarding temporary total disability. As corrected, Ruling of Law No. 2 read as follows: "2. Employer/insurer is to pay employee temporary total disability benefits from the date of the injury until the date of the hearing and into the future pursuant to Section 287.170 R.S.Mo." With that correction, the Commission affirmed and adopted the Award of the ALJ.

grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award. *Id.,* citing Section 287.495.1.[2] The factual findings of the Commission are conclusive and binding on us absent fraud. *Ming,* 130 S.W.3d at 667. The Commission's interpretations of law, however, are reviewed for correctness without deference to the Commission's judgment. *Id.* We review these decisions independently, and, if we disagree with the Commission, then we may reverse because of the error of law. *Id.*

## Discussion

■ The issue of whether an employee's injury arises out of and in the course of employment must be decided on a case by case basis. *Otte v. Langley's Lawn Care,* 66 S.W.3d 64, 70 (Mo.App. E.D.2001). Each case must turn upon the point of whether, under its particular circumstances, the injury arose from something that had become an incident of the employment. *Hilton v. Pizza Hut,* 892 S.W.2d 625, 631 (Mo.App. W.D.1994).

■ Appellants maintain that Employee had completed her shift as she was walking through the parking lot to her car when she fell, and therefore she was not working any more. Injuries sustained by an employee while traveling to or from work are usually not compensable under the Workers' Compensation Act. *Blades v. Commercial Transport, Inc.,* 30 S.W.3d 827, 829 (Mo.banc 2000). However, Missouri courts have long recognized an exception to the going to and coming from work rule, whereby injuries incurred while

going or coming from work are compensable if they happen either on the employer's actual premises or "extended premises." *Roberts v. Parker–Banks Chevrolet,* 58 S.W.3d 66, 69 (Mo.App. E.D.2001). We find that the parking lot where Employee fell was Employer's extended premises. Employee had parked on this lot with Employer's express permission. Employer had designated parking spots on the lot for its upper management employees. The lot surrounds the building where Employee and her co-workers work and is used by Employer's employees to talk, eat lunch, and smoke. As such, we determine that Employee's injuries, which occurred on this lot, are compensable.

Furthermore, Employee had been ingressing and egressing on that lot for 10 years while employed by Employer. In such a case, traveling through the parking lot from her parked car to work and back again after work had become an incident of Employee's employment.

Appellants maintain that there has to be a hazard on the extended premises causing the accidental injury in order for the injury to be compensable. Although Appellants cite cases where such happened to be the circumstance, they fail to cite cases where it is an actual requirement.

Appellants cite *Abel By and Through Abel v. Mike Russell's Standard Serv.,* 924 S.W.2d 502, 504 (Mo.1996), a 3–3 decision (Holstein, C.J., not sitting), where the Court found that the employee's injuries were not compensable because he had become dizzy and fallen on the paved, level ground of the employer, and thus nothing in the course of his employment had caused him to fall: "Here, Abel fell while standing on paved, level ground. Although his injuries occurred in the course of his employment, nothing about this con-

---

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

dition of his workplace enhanced the effects of gravity or made the conditions of his workplace any different from or any more dangerous than those a member of the general public could expect to confront in a non-work setting." Appellants maintain that since Employee cannot point to any defect in the ground where she fell, she too, should not receive any compensation under *Abel.* We disagree. The employee in *Abel* had become dizzy and fell while standing in a single spot because of that dizziness. This employee's fall could have happened anywhere. Employee, however, tripped and fell *while walking from her place of employment through the parking lot to her car.* Furthermore, Employee did not testify she was dizzy. As such, *Abel* is not analogous to the instant case, as Appellants maintain.

In the same vein, Appellants assert that Missouri courts have rejected the "positional risk doctrine," under which an accident becomes compensable on a mere showing that it would not have happened but for the fact that the conditions or obligations of the employment put a claimant in the position where he was injured. *McCall v. McCall Amusement, Inc.,* 748 S.W.2d 827, 832 (Mo.App. S.D.1988). In other words, it is not sufficient that the employment may simply have furnished an occasion for an injury from some unconnected source. *Id.* Again, this was what the majority found the situation to be in *Abel.* In the case *sub judice,* Appellants have not demonstrated that Employee's fall was wholly unconnected with her walking on the parking lot to her car, or that Employee would have fallen when she *did no matter where she might have been walking that day.*

The Workers' Compensation Law also does not cover accidents caused by conditions entirely idiopathic in nature. *DeVille v. Hiland Dairy Co.,* 157 S.W.3d 284, 288 (Mo.App. S.D.2005). Idiopathic conditions are those "peculiar to the individual: innate." *Id.* Evidentiary support is required to successfully claim an event is entirely idiopathic, i.e., the event results from some cause personal to the individual, such as a physical defect or disease. *Id.* Here, Employer presented no such evidence.

For the foregoing reasons, Point I is denied.

Appellants argue in their remaining two points that the Commission erred in awarding Employee past temporary total disability benefits and medical expenses, because the parties did not stipulate that Employee's entitlement to these things were issues for the ALJ's resolution at the hearing; and Employee failed to show a sufficient factual basis for an award of past medical expenses and competent and substantial evidence thereof.

The issue of past temporary total disability benefits and past medical expenses is not an issue of law as it relates to liability or compensability of this claim. Furthermore, this is an appeal from a *temporary* award, not a final judgment.[3] Employee filed a Hardship Petition to attempt to get treatment for her injuries, because Employer refused medical treatment. Appellants will be able to dispute permanent partial disability in the full hearing as well as all medical bills because treatment continued after the hardship hearing.

Appellants also argue that the Commission erred in awarding Employee past

---

**3.** Appellants cite *Bock v. Broadway Ford Truck Sales,* 55 S.W.3d 427, 436 (Mo.App. E.D. 2001) and *Boyer v. National Express,* 49 S.W.3d 700, 701 (Mo.App. E.D.2001), in support of their argument, but both of these cases address permanent disability awards.

medical expenses as a matter of law because Employee's accident was not work-related and thus not compensable. We addressed and rejected this argument in our discussion of Appellant's first point. Appellants finally argue that Employee did not demonstrate a sufficient factual basis for an award of compensation for medical bills, in that she did not provide itemized invoices from certain providers, and failed to submit complete medical records from those providers.

Again, we note that this was a hearing on a Hardship Petition, and the Commission issued a temporary award. Appellants' argument is thus premature. Further, we only review issues of law and Appellants are here arguing an issue of fact.

For all of the aforementioned reasons, Points II and III are denied.

The Award of the Commission is affirmed.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.