Antoine WALK, Appellant,

v.

BRECKENRIDGE EDISON DEVELOPMENT, L.C., Division of Employment Security, Respondents.

No. WD 68779.

Missouri Court of Appeals, Western District.

July 8, 2008.

Application for Transfer to Supreme Court Denied Sept. 2, 2008.

Antoine Walk, pro se.

Thomas D. Boggs, St. Louis, MO, for Breckenridge Edison Development, Respondent.

Ninion S. Riley, Jefferson City, MO, for State of Missouri Division of Employment Security, Respondent.

Before Div IV HOWARD, C.J., LOWENSTEIN and WELSH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Claimant Antoine Walk appeals the determination of the Labor and Industrial Relations Commission (Commission) that he was discharged from his employment for misconduct related to his work and was, therefore, disqualified from receiving unemployment benefits. Claimant's original brief was struck for violations of Rule 84.04. An amended brief is now before this court. The Division of Employment Security (Respondent) moved to dismiss this appeal for violations of Rule 84.04. Since Claimant's amended brief fails to reasonably conform to the requirements of Rule 84.04, Respondent's motion is sustained.

This court takes notice of the fact that Claimant brings his appeal *pro se*, without the assistance of an attorney. However, the fact that Claimant appears on his own behalf does not exempt his appeal from the rules of appellate procedure. *Kramer v. Park–Et Restaurant, Inc.*, 226 S.W.3d 867, 869 (Mo.App.2007). Compliance with Rule 84.04 is mandatory to prevent unnecessary burdens on the appellate courts and to ensure that the courts do not become advocates for the appellant. *Id.* at 870. A brief that fails to substantially comply with Rule 84.04 preserves nothing for appellate review and warrants dismissal of the appeal. *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146–48 (Mo.App.2007).

Rule 84.04(c) requires the appellant's brief to include "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Failure to comply with this requirement is by itself sufficient to justify dismissal of an appeal. *Brown*, 211 S.W.3d at 147. Claimant's statement of facts is essentially an argument that the Commission should have discredited the testimony of certain witnesses who testified at the Appeals Tribunal hearing.

Rule 84.04(e) requires the appellant's brief to contain an argument section that discusses the points relied on. "The appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Brown*, 211 S.W.3d

at 148. If the appellant does not cite relevant authority or explain why such authority is unavailable, the appellate court is justified in considering the points abandoned and dismissing the appeal. *In re Marriage of Spears*, 995 S.W.2d 500, 503 (Mo.App.1999). Each of Claimant's argument sections contains just two sentences. Neither argument section provides a citation to authority of any kind or an explanation for the lack of citation.

For the reasons stated above, Claimant's appeal is *dismissed.*

All Concur.