Michael HAGER, Appellant,

v.

SYBERG'S WESTPORT and Treasurer of Missouri as Custodian of Second Injury Fund, Respondent.

No. ED 93420.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 2010.

Alif A. Williams, St. Louis, MO, for Appellant.

Robert M. Evans, Sarah E. Reichert, St. Louis, MO, for Respondent.

**OPINION**

GEORGE W. DRAPER III, Judge.

Michael D. Hager (hereinafter, "Claimant") appeals from the decision of the Labor and Industrial Relations Commission (hereinafter, "the Commission") which adopted the findings of the Administrative Law Judge (hereinafter, "the ALJ") denying compensation to Claimant after he was injured while leaving work at Syberg's Eating & Drinking Company (hereinafter, "Employer"). Claimant raises one point on appeal, but claims two bases for relief.[1]

1. We remind attorneys when drafting their points relied on to review the dictates of Rule 84.04(d) and *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). *Glass v. Glass,* 105 S.W.3d 865, 866 n. 3 (Mo.App. E.D. 2003). This point does not comply with Rule

First, Claimant alleges his injury arose out of and in the course of his employment because it occurred within a reasonable margin of time and space after his work had ended. Second, Claimant alleges his injury arose out of and in the course of his employment because it occurred either: (1) on a parking lot that was the Employer's business premises or (2) on an extended premises which the Employer controlled within the meaning of Section 287.020.5 RSMo (2005)[2]. We affirm.

On December 4, 2006, Claimant worked at Employer's restaurant as a cook before clocking out at 11:30 p.m. and leaving the restaurant. While walking to his vehicle, Claimant slipped and fell on black ice and injured his left ankle. Claimant filed a claim for permanent partial disability on December 7, 2006. On December 21, 2006, Claimant's left ankle was surgically repaired using a plate and seven screws. Employer paid Claimant $11,061.09 in medical benefits and $2,526.53 in temporary total disability benefits.

On October 14, 2008, the ALJ held a hearing during which the ALJ received the deposition testimony of Kirk Syberg (hereinafter, "Syberg"), co-owner of Employer's restaurant. According to Syberg, the lease signed by Employer and BWWP, LLC, (hereinafter, "Landlord") provided Landlord with exclusive control of the parking lot, including snow removal, sidewalk cleaning, landscaping, and pothole repair. Syberg denied telling employees where to park, but asserted Employer merely suggested employees park behind or on the side of the restaurant.

The ALJ denied Claimant's claim on two grounds. First, the ALJ found, "Based on the time and location of the accident . . . the accident did not arise out of and in the course of Claimant's employment." Second, the ALJ found the extended premises doctrine did not apply. The Commission subsequently issued its decision denying compensation to Claimant and affirming the ALJ's award and decision. Claimant appeals.

In affirming the ALJ's denial of compensation, the Commission attached and incorporated the ALJ's award and decision to its decision. "When the [C]ommission's findings include the administrative law judge's award by incorporation by reference, it is reviewed as part of the [C]ommission's decision." *Johnson v. Indiana W. Exp., Inc.,* 281 S.W.3d 885, 887 (Mo. App. S.D.2009)(quoting *Reese v. Coleman,* 990 S.W.2d 195, 197 n. 2 (Mo.App. S.D. 1999)).

Under Article V, Section 18 of the Missouri Constitution, this Court must determine whether the Commission's award is "supported by competent and substantial evidence upon the whole record." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222 (Mo. banc 2003). Section 287.495.1 RSMo (2000) provides this Court:

> shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;

84.04(d)(1) because it contains two separate claims of error that should have been set out in two separate points. *State ex rel. Mahn v. J.H. Berra Const. Co., Inc.,* 255 S.W.3d 543, 546 n. 3 (Mo.App. E.D.2008). Although we do not condone these violations of Rule

84.04(d)(1), we will consider Claimant's point in two parts for the sake of clarity. *See id.*

2. All statutory references are to RSMo (2005) unless otherwise indicated.

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

This Court must consider the whole record to determine whether it contains sufficient, competent, and substantial evidence to support the award. *Harness v. S. Copyroll, Inc.*, 291 S.W.3d 299, 303 (Mo.App. S.D.2009); *Lawson v. Ford Motor Co.*, 217 S.W.3d 345, 348 (Mo.App. E.D.2007). "We will set aside the Commission's award if it is contrary to the overwhelming weight of the evidence." *Harness*, 291 S.W.3d at 303. This Court defers to the Commission on issues of fact, the credibility of witnesses, and the weight to be given to conflicting evidence. *Allcorn v. Tap Enters., Inc.*, 277 S.W.3d 823, 827 (Mo.App. S.D.2009). However, "[w]e review the Commission's decisions which are clearly interpretations or applications of law for correctness without deference to the Commission's judgment." *Id.*

In his sole point on appeal, Claimant provides two reasons why the Commission erroneously interpreted and applied Section 287.020.5. First, Claimant asserts the Commission erroneously interpreted and applied Section 287.020.5 in finding "Claimant was no longer working when he fell" because "[a]fter Claimant's shift ended, he clocked out, left the building, and headed toward his truck." Specifically, Claimant asserts his injury occurred within a reasonable margin of time and space after his work had ended. Claimant relies on *Roberts v. Parker–Banks Chevrolet*, 58 S.W.3d 66 (Mo.App. E.D.2001) and *Huffmaster v. American Recreation Products*, 180 S.W.3d 525 (Mo.App. E.D.2006), to support his argument that "in the course of employment" includes "not only the actual doing of work, but *a reasonable margin of time and space* to be used in pass-ing to and from the place where the work is to be done." *Roberts*, 58 S.W.3d at 70(*quoting Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158, 48 S.Ct. 221, 72 L.Ed. 507 (1928))(emphasis added). Claimant's reliance on *Roberts* and *Huffmaster* is misplaced.

In 2005, the Missouri Legislature amended The Workers' Compensation Law. "[S]ince the effective date of the 2005 changes to The Workers' Compensation Law, new and significantly different standards must be applied in determining the compensability of a claim." *Johnson*, 281 S.W.3d at 890. As part of the 2005 amendments, the Legislature amended Section 287.020.10 to provide:

In applying the provisions of this chapter, it is the intent of the legislature to reject and abrogate earlier case law interpretations on the meaning of or definition of "accident", "occupational disease", "arising out of", and "in the course of the employment" to include, *but not be limited to,* holdings in: *Bennett v. Columbia Health Care and Rehabilitation,* 80 S.W.3d 524 (Mo.App. W.D. 2002); *Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852 (Mo.banc 1999); and *Drewes v. TWA,* 984 S.W.2d 512 (Mo.banc 1999) and all cases citing, interpreting, applying, or following those cases.

(emphasis added). In *Ahern v. P & H, LLC,* 254 S.W.3d 129 (Mo.App. E.D.2008), this Court acknowledged Section 287.020.10 abrogated *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525 (Mo. banc 1993), which interpreted the meaning or definition of "arising out of," despite the case not being specifically mentioned by name in Section 287.020.10. *See Ahern,* 254 S.W.3d at 136.

We likewise find Section 287.020.10 abrogates *Roberts* and *Huffmaster.* Section 287.020.10 abrogates *Roberts* because it explicitly interprets the meaning or defini-

tion of "arising out of and in the course of employment." *See Ahern,* 254 S.W.3d at 136. Therefore, Claimant cannot rely upon *Roberts* to support his claim the Commission erroneously interpreted and applied Section 287.020.5 in finding Claimant was no longer working when he fell. Similarly, Section 287.020.10 abrogates *Huffmaster* because it predates the 2005 amendments and interprets the meaning or definition of "arising out of and in the course of employment." [3] *See Ahern,* 254 S.W.3d at 136. As such, Claimant fails to cite any binding authority in support of his argument.[4]

█ Since Section 287.020.10 abrogates earlier case law interpreting the meaning of "arising out of and in the course of employment," this Court must consider whether Claimant's injury arose out of and in the course of employment under the current statutory scheme. Section 287.120.1 provides: "Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment." According to Section 287.020.3(2), an injury will be considered "arising out of and in the course of employment" only if:

(a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and

(b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

As part of the 2005 amendments, the Legislature "revised [Section 287.020.3(2) ] to narrow the scope of those injuries that will be deemed to arise out of and in the course of employment." *Miller v. Missouri Highway and Transp. Com'n,* 287 S.W.3d 671, 673 (Mo. banc 2009). Under the current version of Section 287.020.3(2), an injury "is compensable *only* if the accident was the prevailing factor in causing both the resulting medical condition and disability." *Johnson,* 281 S.W.3d at 891; *see also Missouri Alliance for Retired Ams. v. Dep't of Labor and Indus. Relations,* 277 S.W.3d 670, 684 (Mo. banc 2009). Furthermore, Section 287.800 requires this Court to strictly construe Section 287.020.3. *Gordon v. City of Ellisville,* 268 S.W.3d 454, 459 (Mo.App. E.D.2008).

█ Under the current statutory scheme, Claimant's injury cannot be deemed "arising out of and in the course of employment" because his injury came from "a hazard or risk unrelated to the employment to which workers would have been

---

**3.** While this Court decided *Huffmaster* on January 3, 2006, the injury at issue occurred on July 14, 2004, and we did not apply the 2005 amendments. *Huffmaster,* 180 S.W.3d at 527. As this Court explained in *Lawson,* "[t]here is no express language stating that it was the intent of the legislature to apply either section 287.020 or section 287.067 retroactively, nor did the legislature state that its rejection of the common law interpretations of the previous definitions applied retroactively." *Lawson,* 217 S.W.3d at 349.

**4.** " 'The appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations.' If the appellant does not cite relevant authority or explain why such authority is unavailable, the appellate court is justified in considering the points abandoned, and dismissing the appeal." *Walk v. Breckenridge Edison Dev., L.C.,* 260 S.W.3d 839, 840–41 (Mo.App. W.D.2008)(quotingBrown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 148 (Mo.App. W.D. 2007)).

equally exposed outside of and unrelated to the employment in normal nonemployment life." Section 287.020.3(2)(b). Claimant could have slipped and fallen on an ice-covered parking lot anywhere, and thus, his injury comes from a hazard or risk unrelated to his employment. Therefore, Claimant's injury does not satisfy Section 287.020.3(2)(b) and did not arise out of and in the course of his employment.

Second, Claimant asserts the Commission erroneously interpreted and applied Section 287.020.5 in finding "Employer did not own or control the parking lot surrounding the restaurant." Specifically, Claimant asserts his injury arose out of and in the course of his employment because it occurred either: (1) on a parking lot that was the Employer's business premises or (2) on an extended premises which the Employer controlled within the meaning of Section 287.020.5. In response, Employer argues Claimant's injury did not arise out of and in the course of employment because the parking lot where Claimant fell was neither: (1) part of Employer's extended premises within the meaning of Section 287.020.5 or (2) "owned" or "controlled" by Employer or part of its business premises.

Prior to the 2005 amendments, Missouri courts recognized the extended premises doctrine as an exception to the general rule that "accidents occurring on the trip to or from work are not deemed to arise out of and in the course of employment." *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 535 (Mo. banc 1996). In 2005, the Legislature abrogated the extended premises doctrine "to the extent it extends liability for accidents that occur on property not owned or controlled by the employer even if the accident occurs on customary, approved, permitted, usual or accepted routes used by the employee to get to and from their place of employment." Section 287.020.5.

Initially, this Court must address Claimant's attempt to distinguish the facts of his case from those in earlier cases interpreting the extended premises doctrine. Claimant states in his brief that "The Missouri Legislature likely intended to negate the holdings of [*Wells v. Brown*, 33 S.W.3d 190 (Mo. banc 2000)], ... [*Cox*, 920 S.W.2d 534], ... and [*Roberts*, 58 S.W.3d 66] ... that pertain to liability for injuries on property not owned or controlled by the employer." Claimant erroneously attempts to either limit or disregard the Legislature's express intent "to reject and abrogate earlier case law interpretations on the meaning of or definition of ... 'arising out of,' and 'in the course of the employment.'" Section 287.020.10. As discussed above, the abrogation of case law by Section 287.020.10 "is not limited to simply those cases named therein but any case interpreting a number of key terms." *Ahern*, 254 S.W.3d at 136. Moreover, Section 287.020.10 does not limit its rejection or abrogation of earlier cases to holdings "that pertain to liability for injuries on property not owned or controlled by the employer" as Claimant alleges. Rather, Section 287.020.10 explicitly rejects and abrogates earlier case law interpretations of "arising out of" and "in the course of employment" and does not limit the scope of its rejection or abrogation.

Section 287.020.10 abrogates *Wells*, *Cox*, and *Roberts* because they interpret the meaning or definition of "arising out of" and "in the course of employment" for claimants who fell in an employer's adjacent parking lot. See *Wells*, 33 S.W.3d at 192; *Cox*, 920 S.W.2d at 535; *Roberts*, 58 S.W.3d at 69. In each case, the court found the claimants were entitled to compensation because their injuries arose out of and in the course of employment under the extended premises doctrine. See *Wells*, 33 S.W.3d at 193; *Cox*, 920 S.W.2d at 536; *Roberts*, 58 S.W.3d at 72. Never-

theless, Claimant's attempt to distinguish the facts of his case from *Wells, Cox,* and *Roberts* fails because Section 287.020.10 abrogates and rejects their entire analysis of "arising out of" and "in the course of employment" and Claimant may not therefore rely upon portions of *Wells, Cox,* and *Roberts* which would otherwise be beneficial to his appeal.

Section 287.020.5 expressly limits the application of the extended premises doctrine to those cases in which accidents occur on property owned or controlled by the employer. To determine whether the Commission erroneously interpreted and applied Section 287.020.5 in finding Claimant's injury did not arise out of and in the course of his employment, this Court must consider whether: (1) Employer owned the parking lot where Claimant's injury occurred; or (2) Employer controlled the parking lot where Claimant's injury occurred. Since Claimant's point only asserts the Commission erroneously interpreted Section 287.020.5 and Claimant recognizes and concedes Employer does not own the parking lot, this Court may only consider whether Employer controlled the parking lot where Claimant's injury occurred. This case presents an issue of first impression, in that no Missouri case has analyzed what constitutes "control" for purposes of Section 287.020.5.

In its Final Award, the Commission correctly noted "Section 287.800 requires strict construction of statutory provisions." As part of the 2005 amendments, the Legislature amended Section 287.800 as follows: "Administrative law judges, associate administrative law judges, legal advisors, the labor and industrial relations commission, the division of workers' compensation, and any reviewing courts shall construe the provisions of this chapter strictly." This amendment reversed the previous version, which required "all of

the provisions of this chapter ... be liberally construed with a view to the public welfare." Section 287.800; *see also Miller,* 287 S.W.3d at 673; *Allcorn,* 277 S.W.3d at 830. Moreover, the Missouri Supreme Court has interpreted the 2005 amendments narrowly. *See Miller,* 287 S.W.3d at 672–73. Accordingly, this Court must strictly construe the meaning of "control" when interpreting Section 287.020.5.

When a court is directed to strictly construe a statute, it must consider the plain and ordinary meaning of the words used. *See Ahern,* 254 S.W.3d at 135; *see also Allcorn,* 277 S.W.3d at 829. "When a statutory term is not defined, courts apply the ordinary meaning of the term as found in the dictionary." *Harness,* 291 S.W.3d at 304 (defining "principal" using BLACK'S LAW DICTIONARY). The word "control" is defined by BLACK'S LAW DICTIONARY (8th ed.2004) to mean: "1. To exercise power or influence over.... 2. To regulate or govern.... 3. To have a controlling interest in."

█ Employer did not control the parking lot where Claimant's injury occurred because it did not exercise power or influence over the parking lot. The lease merely granted the "right to use ... the parking facilities in accordance with the provisions of this lease." Section 35 of the lease states, in relevant part:

The use, operation and maintenance of any parking areas, lots or garage facilities now or hereafter existing to serve the Hotel and the Leased Premises *shall be managed and maintained under the supervision of Landlord* .... Landlord reserves the right, *in its sole discretion,* from time to time to change, rearrange, alter or modify any or all of the facilities designed as parking lots, or other facilities designed for the common use or convenience of the [Employer] and Landlord's hotel guests.

(emphasis added). The lease clearly evidences that Landlord had control over the parking lot as Landlord: (1) was charged with managing and maintaining the parking areas, and (2) had sole discretion to change, rearrange, alter, or modify the parking areas. Furthermore, Employer did not regulate or govern the parking lot. Section 35 of the lease explicitly gives Landlord the power to "make reasonable rules and regulations pertaining to the use of such parking areas by [Employer], its guests, invitees and suppliers." The Commission also found Syberg's testimony credible that Employer did not have control over parking decisions, but rather Landlord permitted Employer, its employees, and its guests to choose their own parking spaces. Accordingly, Employer did not control the parking lot and Claimant cannot rely on the extended premises doctrine pursuant to Section 287.020.5. Point denied.[5]

The Commission's decision that Claimant's injury did not arise out of and in the course of his employment is supported by competent and substantial evidence. The Commission's decision denying compensation is affirmed.

KURT S. ODENWALD, P.J., and GARY M. GAERTNER, JR., J., concur.

---

5. Employer's brief includes two additional points on appeal alleging: (1) "The language of Section 287.020.5 RSMo 2005 pertaining to the 'extension of premises' doctrine is constitutionally clear and explicit, in 'abrogating' prior law, and does not violate the Fifth and Fourteenth Amendments to the United States Constitution and to the Missouri Constitution"; and (2) "The Appellant's [sic] Filing of an amended answer raising the issues under Section 287.050.5[sic], was timely, provided it was filed before the trial started." Claimant subsequently addressed these points for the first time in his reply brief. Claimant did not include these points on appeal in his brief. Therefore, these points on appeal are considered abandoned. *Schmidt v. Warner*, 955 S.W.2d 577, 583 (Mo.App. S.D.1997)("The questions for decision on appeal are those stated in the points relied on; a question not there presented will be considered abandoned."). Furthermore, Claimant may not raise new points on appeal in his reply brief. *Kramer v.Mason*, 806 S.W.2d 131, 134 (Mo. App. E.D.1991).