Scott J. BEINE, Appellant,

v.

COUNTY OF ST. CHARLES and Treasurer of Missouri as Custodian of Second Injury Fund, Respondents.

No. ED 96581.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 6, 2011.

D. Andrew Weigley, Clayton, MO, for appellant.

Beverly E. Temple (County of St. Charles), St. Charles, MO, Barbara Toepke, Asst. Atty. General, St. Louis, MO, for respondents.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Scott Beine (Claimant) appeals the judgment of the Labor and Industrial Relations Commission (Commission) denying his claim for workers' compensation benefits for injuries he sustained while participating in a charity golf tournament. Claimant asserts the Commission erred in finding that: (1) Claimant's injuries did not arise out of or in the course of employment; (2) Claimant's participation in a "recreational activity" was the prevailing cause of his injuries; and (3) Claimant's participation in the golf tournament provided no benefit to his employer. We affirm.

### Factual and Procedural Background

Claimant worked for the St. Charles County Sheriff's Department (Employer) as a deputy sheriff from 1997 until July 7, 2008. At the time of his injury, Claimant was assigned to the position of school resource officer.

During his employment, Claimant was an active member of the St. Charles County Deputy Sheriff's Association (Association), a voluntary, non-profit association of sheriff's deputies whose primary purpose was to raise money for charity and help those in need. Since 2002, the Association's major annual event was called Shop–With–A–Deputy.[1] To fund this event, the Association sponsored a charity golf tournament at the Whitmoor Country Club. The Association used most, but not all, of the proceeds from the golf tournament to support the annual shopping event. Employer did not participate in either planning or promoting the golf tournament. Participation in the golf tournament was voluntary, and Employer required its employees to use compensatory or vacation time to attend the tournament. Employer did not permit employees to wear their uniforms or use Employer's vehicles for transportation to the event, at which alcohol was served.

On July 7, 2008, Claimant helped set up and then golfed in the Association's charity golf tournament. While he was playing, a nearby golfer hit a ball, striking Claimant in the forehead. An ambulance transported Claimant to the hospital, where a doctor treated him for a forehead laceration and subcutaneous contusion.

After the injury, Claimant sought treatment from numerous medical professionals for his continuing symptoms, which included: tinnitus, poor balance, memory loss, severe and frequent headaches, insomnia, mood swings, and depression. Claimant was unable to resume work, and Employer terminated Claimant's employment on January 7, 2009.

Claimant filed a claim for workers' compensation on November 11, 2008, and an Administrative Law Judge (ALJ) at the Division of Workers' Compensation held a hearing on January 20, 2010. Claimant testified at the hearing and presented as witnesses his wife and Michele Straub, a deputy who witnessed the injury. In addition, Claimant presented his medical records and the deposition testimony of: Dr. Thomas Musich, a physician who examined Claimant and reviewed his medical records; James Israel, a vocational rehabilitation counselor; and Professor Kenneth Novak, an associate professor in the Department of Criminal Justice and Criminology at University of Missouri, Kansas City. Employer presented, among other

1. For this event, the Association selects needy, local families and shops with them for Christmas presents. After shopping, the children meet and receive gifts from Santa Claus. Participating deputies wear their uniforms and drive their patrol cars to the event.

witnesses, the St. Charles County Sheriff, Thomas Neer.

The ALJ denied Claimant benefits on the grounds that Claimant's injury did not arise out of and in the course of his employment. The ALJ reasoned that Claimant's injury "did not result from any increased risk connected to" his employment as a deputy for Employer. The ALJ also found that the charity golf tournament was a voluntary "recreational activity" under Section 287.120.7 and was, therefore, not compensable under workers' compensation law. Finally, the ALJ considered Claimant's argument that the mutual benefit doctrine should apply to his case and entitle him to workers' compensation benefits. The ALJ found that Employer and the Association were not "interconnected organizations" and that Prof. Novak's testimony that the golf tournament benefited Employer was "not probative and reliable."

Claimant appealed the denial of benefits to the Commission. On March 17, 2011, the Commission, with one member dissenting, issued a final award denying compensation. In affirming the ALJ's denial of compensation, the Commission attached and incorporated the ALJ's findings of facts and rulings of law to its decision. Claimant appeals.

### *Standard of Review*

On appeal from a decision in a workers' compensation proceeding, this court may modify, reverse, remand for rehearing, or set aside the award upon finding that: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Mo.Rev.Stat. § 287.495.1.[2]

■■ We must consider the whole record to determine whether it contains sufficient, competent, and substantial evidence to support the award, and we will set aside the Commission's award only if it is contrary to the overwhelming weight of the evidence. *Miller v. Mo. Highway & Transp. Comm'n*, 287 S.W.3d 671, 672 (Mo. banc 2009). While we defer to the Commission on issues of fact, credibility of witnesses, and weight to be given to conflicting evidence, we review the Commission's interpretations or applications of law without deference to the Commission's judgment. *Hager v. Syberg's Westport*, 304 S.W.3d 771, 773 (Mo.App. E.D.2010).

### *Discussion*

■ In his first point on appeal, Claimant asserts that the Commission erred when it ruled that Claimant's injuries were not compensable because they did not "arise out of and in the course of employment." Specifically, Claimant contends that his injury arose out of and in the course of employment because his participation in the charity golf tournament benefited Employer. When the relevant facts are not in dispute, the issue of whether an accident arose out of and in the course of employment is a question of law requiring *de novo* review. *Miller*, 287 S.W.3d at 672.

An employer is "liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury ... of the employee by accident arising out of and in the course of the employee's employment...." Mo.Rev.Stat. § 287.120.1. In 2005, the Legislature amended Section 287.020.3(2) to narrow

---

**2.** All statutory citations are to the Revised Missouri Statutes 2000, as updated by the Cumulative Supplement 2007, unless otherwise indicated.

the scope of injuries that arise out of and in the course of employment. Mo.Rev. Stat. § 287.020.3(2); *Miller,* 287 S.W.3d at 673. Under this statute, an injury shall be deemed to arise out of and in the course of employment only if:

> (a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and
>
> (b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

Mo.Rev.Stat. § 287.020.3(2).

The uncontested facts show that: golfing was not one of Claimant's assigned duties; Employer required Claimant to use vacation days to participate in the golf tournament; Employer did not plan or promote the golf tournament; Employer did not receive or control the proceeds of the golf tournament; Employer had no right to control or direct Claimant's actions at the golf tournament; and Employer and the Association were entirely separate and independent entities. Based on our review, we conclude that there was sufficient competent evidence in the record to support the finding that Claimant's injury resulted from "a hazard or risk unrelat-

ed to" Claimant's employment to which he would have been equally exposed on any golf course in his "normal nonemployment life." [3] Point denied.

In his second point on appeal, Claimant argues that the Commission erred when it ruled that the charity golf tournament was a recreational activity under Section 287.120.7. More specifically, Claimant maintains that the golf tournament was "not purely recreational" because it "provided a substantial, tangible benefit" to Employer.

Section 287.120.7 provides that when an employee's participation in a recreational activity or program is the prevailing cause of his or her injury, "benefits or compensation otherwise payable under this chapter ... shall be forfeited regardless that the employer may have promoted, sponsored or supported the recreational activity or program, expressly or impliedly, in whole or in part." Mo.Rev.Stat. § 287.120.7.[4] Claimant argues that Section 287.120.7 does not apply in this case because the charity golf tournament mutually benefited Claimant and Employer and, therefore, was not a "recreational activity" for purposes of the statute. In support of his argument, Claimant relies upon the "mutual benefits doctrine," under which a claimant who was injured while engaging in a voluntary recreational activity could

3.  Claimant also contends in his first point on appeal that his injury resulted from a risk related to his employment because Claimant and Employer mutually benefited from Claimant's participation in the golf tournament. In so far as Claimant argues in point one that Prof. Novak's "unrebutted deposition testimony" established that Claimant's participation in the golf tournament benefited Employer, we consider this argument when we address Claimant's third point on appeal.

4.  The voluntary recreational activity exclusion is subject to three exceptions. Mo.Rev.Stat. § 287.120.7. An employee injured during a

recreational activity may be entitled to benefits if: (1) the employer ordered the employee to participate in the activity; (2) the employer paid the employee wages or travel expenses while the employee was participating in the activity; or (3) the injury occurred on the employer's premises due to an unsafe condition and the employer knew about the employee's participation in the recreational activity and the unsafe condition. *Id.* Claimant does not contend that any of the three statutory exceptions applies to his case to prevent forfeiture of workers' compensation benefits under Section 287.120.7.

receive workers' compensation if his or her participation in that activity mutually benefited the claimant and the employer. *Graham v. La–Z–Boy Chair Co.,* 117 S.W.3d 182, 185 (Mo.App. S.D.2003).

Employer argues that amended Section 287.800, which requires courts to strictly construe the provisions of the workers' compensation law, abrogates the case law applying the mutual benefits doctrine.[5] Mo.Rev.Stat. § 287.800.1. However, we need not determine whether the mutual benefits doctrine remains viable law because the Commission specifically found that Claimant's participation in the golf tournament provided no benefit to Employer. Indeed, the Commission stated: "Employer did not derive any benefit, however slight, from Claimant's participation in the Association's charity golf tournament." Although Claimant proffered evidence to contradict this factual finding, the Commission's determination with respect to the absence of benefit to Employer is supported by the record, as discussed in greater detail below. *See e.g., Bailey v. Phelps County Reg'l Med. Ctr.,* 328 S.W.3d 770, 773 (Mo.App. S.D.2010). Point denied.

In his third and final point on appeal, Claimant challenges the Commission's finding that Claimant's participation in the golf tournament provided no benefit to Employer. Claimant contends that the Commission's finding was contrary to the overwhelming weight of the evidence because Prof. Novak's testimony that the golf tournament benefited Employer was "not rebutted or sufficiently impeached." Claimant further argues that the Commission "flatly disregarded" Prof. Novak's ex-

pert testimony and "clearly injected [its] own personal opinion unsupported by sufficient evidence."

■■ "This court defers to the Commission on issues of fact, the credibility of witnesses, and the weight to be given to conflicting evidence." *Hager,* 304 S.W.3d at 773. However, the Commission may not arbitrarily disregard and ignore competent, substantial, and undisputed evidence of witnesses who are not shown by the record to have been impeached. *Bond v. Site Line Surveying,* 322 S.W.3d 165, 171 (Mo.App. W.D.2010). Nor may the Commission "base its findings upon conjecture or its own mere personal opinion unsupported by sufficient and competent evidence." *Id.* (quotation omitted).

Our review of the record revealed that, contrary to Claimant's contention, Prof. Novak's testimony was disputed. Indeed, Sheriff Neer specifically stated that, based on his education, experience, and sense of the St. Charles County community, Claimant's participation in the golf tournament did not benefit Employer. Furthermore, the Commission did not "disregard and ignore" Prof. Novak's testimony. Rather, the Commission considered Prof. Novak's testimony and found that it lacked credibility because it: (1) focused on the Shop–With–A–Deputy event, rather than the golf tournament; and (2) was "based on gross generalities regarding community policing without any direct information on community policing in St. Charles County...." The Commission concluded:

> To the extent that Professor Novak's conclusions were reached without any direct information on St. Charles County, I find his conclusions were not proba-

5. The cases Claimant cites that apply the mutual benefits doctrine involve injuries that occurred prior to the 2005 amendments to the workers' compensation law. *See e.g., Custer v. Hartford Ins. Co.,* 174 S.W.3d 602 (Mo.App.

W.D.2005); *Graham v. La–Z–Boy Chair Co.,* 117 S.W.3d 182 (Mo.App. S.D.2003); *Brenneisen v. Leach's Standard Serv. Station,* 806 S.W.2d 443 (Mo.App. E.D.1991).

tive and reliable. I am at a loss to understand how he can credibly testify about community policing in St. Charles County and the potential benefit of the shopping program when he had gathered no direct information from anyone in St. Charles County on these issues. "[T]he weight to be given evidence rests with the Commission and it alone determines the credibility of witnesses." *Elmore v. Mo. State Treasurer*, 345 S.W.3d 361, 368 (Mo.App. S.D.2011) (quotation omitted). Point denied.

### *Conclusion*

The Commission's decision is affirmed.

ROBERT M. CLAYTON III, J., and GEORGE W. DRAPER III, Sp.J., concur.