**Harold HIGGINS, Appellant,**

v.

**TREASURER OF The STATE OF MISSOURI as Custodian of the Second Injury Fund, Respondent.**

**No. WD 62591.**

Missouri Court of Appeals,
Western District.

April 20, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Jerrold Kenter, Kansas City, MO, for Appellant.

Anemarie D. Mura, Kansas City, MO, for Respondent.

Before: EDWIN H. SMITH, P.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Harold Higgins appeals the Labor and Industrial Relations Commission's denial of his workers' compensation claim against the Second Injury Fund. We affirm the Commission's determination that Higgins' claim was exempt under Section 287.030, R.S.Mo.2000,[1] because his employer had fewer than five employees.

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise not-

FACTUAL AND PROCEDURAL HISTORY

On July 7, 1995, Higgins severely injured his right hand while sharpening the blade of tractor equipment he was using to mow farmland owned by Harold Chaney. Higgins had occasionally mowed the land and performed small tasks at a gas station Chaney also owned. Chaney paid Higgins with cash or barter payments of gasoline, tires, or the use of the tractor on other mowing jobs.

Two years after his hand injury, Higgins filed a workers' compensation claim against Chaney seeking total disability benefits. Higgins also filed a claim against the Second Injury Fund based on a prior disability and because Chaney had no workers' compensation insurance for work performed on his farmland. Higgins settled his claim against Chaney but proceeded to a hearing on the Second Injury Fund claim.

Pursuant to Section 287.220.5, the Second Injury Fund was permitted to assert all defenses available to Chaney as Higgins' employer. The Fund presented evidence that Chaney had no employees working on his farmland and fewer than five employees working at his gas station.

Following the hearing, the Administrative Law Judge (ALJ) determined Chaney was an exempt employer under the workers' compensation law, § 287.030.1(3), because he had fewer than five employees. The ALJ also determined Higgins was performing farm labor, which is exempt from workers' compensation coverage pursuant to Section 287.090.1. The ALJ denied the claim against the Second Injury Fund based on both defenses. Upon administrative review, the Labor and Industrial Commission affirmed and incorporated the ALJ's decision. Higgins appeals.

STANDARD OF REVIEW

■ On appellate review, we must affirm the Commission's final decision unless it acted without or beyond its power, the decision was procured by fraud, the facts found do not support the decision, or the decision is not supported by sufficient competent evidence in the record. § 287.495.1. The Commission's factual determinations, if supported by the evidence, are entitled to deference, but we independently review questions of law. *Id.* Generally, we review the findings of the Commission and not those of the ALJ. *Tangblade v. Lear Corp.,* 58 S.W.3d 662, 665 (Mo.App. W.D.2001), overruled on other grounds by *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 225 (Mo.banc 2003). However, when "the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission." *Tangblade,* 58 S.W.3d at 665.

ISSUES ON APPEAL

Higgins appeals on grounds that: (1) the ALJ erroneously applied Section 287.030.1(3) in denying his Second Injury Fund claim; and (2) the evidence in the record is insufficient to support the ALJ's alternative determination that Higgins' claim is exempt because he was performing farm labor at the time he was injured. We address only the first issue, as it is dispositive of the appeal.

■ To be subject to Missouri's workers' compensation laws, Section 287.030.1(3)[2] provides that an employer

---

ed.

**2.** Section 287.030.1 provides in relevant part: The word **"employer"** as used in this chapter shall be construed to mean:

(1) Every person, partnership, association, corporation, limited liability partnership ... or corporation ... using the service of another for pay.

must have five or more employees.[3] The law further provides that if an employer is not self-insured or fails to obtain workers' compensation insurance, the Second Injury Fund may be held liable for a disability benefit award to an employee injured while in the employment of the uninsured employer. § 287.220.5.[4] In defending against such liability, the Fund is entitled to any defenses that would have been available to the uninsured employer. *Id.*

Higgins contends the ALJ erred in applying the "five or more employees" rule to deny his claim against the Second Injury Fund. He argues Section 287.220.5 does not expressly state that an uninsured employer must have a specified number of employees to give rise to a Second Injury Fund claim. Higgins contends he was entitled to pursue his disability claim against the Fund solely on the basis that his employer, Chaney, was uninsured.

■ Higgins' argument ignores express language in Section 287.030 indicating that the "five or more employees" definition of the term "employer" is applicable throughout the workers' compensation statute. There was no need for the legislature to include the "five or more employees" requirement in Section 287.220.5 because the term "employer"

was statutorily defined to include that requirement. When interpreting the workers' compensation statutes, we must determine the legislative intent based on the plain and ordinary meaning of the language used. *Motton v. Outsource Int'l,* 77 S.W.3d 669, 673 (Mo.App. E.D.2002). "The legislature's own construction of its language by means of definition of the terms employed should be followed in the interpretation of the statute to which it relates." *State v. Rousseau,* 34 S.W.3d 254, 259 (Mo.App. W.D.2000).

■ Read in conjunction with the definition of "employer" applicable throughout the workers' compensation statute, the plain language of Section 287.220.5 allows a Second Injury Fund claim only if the claimant's employer is uninsured and is not otherwise exempt under Section 287.030. This interpretation is supported by the additional provision in Section 287.220.5 granting the Fund all defenses available to employers. Because Chaney could have defended against Higgins' claim on the basis that he had fewer than five employees,[5] the ALJ made a reasonable determination that this defense was equally available to the Fund.

■ Higgins further argues that this statutory interpretation unconstitutionally

, (2) ...
  (3) Any of the above-defined employers must have five or more employees to be deemed an employer for the purposes of this chapter ...

3.  The statute excludes certain "construction industry employers" from the five or more employees requirement. The exclusion is not applicable in this case.

4.  Section 287.220.5 provides in relevant part: If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured em-

ployee in the employ of an uninsured employer.... In defense of the claims arising under this subsection, the treasurer of the state of Missouri, as custodian of the second injury fund, shall have the same defenses to such claims as would the uninsured employer.

5.  Higgins does not challenge the sufficiency of the evidence to support the ALJ's finding that Chaney did not have five or more employees working on his farmland, nor at his gas station. Thus, we can reasonably presume this defense would have been available to Chaney, if the claim against Chaney had not been settled.

"deprive[s] him of equal protection under the law because there is no rational relationship between the right to benefits from the Second Injury Fund and the number of employees the employer has." As a preliminary matter, we must determine our jurisdictional authority to consider this constitutional challenge.

■ By virtue of Article V, § 3 of the Missouri Constitution, the Supreme Court has exclusive jurisdiction in all cases involving the constitutional validity of a statute. However, the mere assertion that a statute is unconstitutional does not deprive the court of appeals of jurisdiction. *Wright v. Mo. Dept. of Social Services*, 25 S.W.3d 525, 528 (Mo.App. W.D.2000). The constitutional issue must be real and substantial, not merely colorable. *Id.*

■ In determining whether a constitutional claim is real and substantial, we make a preliminary inquiry as to whether it presents a contested matter of right that involves fair doubt and reasonable room for disagreement. *Id.* If the initial inquiry discloses the claim is so legally or factually insubstantial as to be plainly without merit, the claim may be deemed merely colorable. *Id.* We conclude, for the reasons set forth herein, that Higgins' constitutional challenge is merely colorable and, thus, we have jurisdiction to address it.

■ Generally, the first step in considering an equal protection claim is to determine whether the statutory scheme infringes upon a fundamental right or operates to the detriment of a suspect class. *Id.* If it does not, we need only determine whether the classification complained of in the statute is rationally related to a legitimate state interest. *Id.* Higgins' constitutional claim is narrowly focused on whether there is a rational reason to apply the five or more employee threshold in cases against the Second Injury Fund. The Supreme Court has provided the following guidance concerning the rational relationship test:

> When looking for a rational basis, we note that State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. It is not the Court's province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination.

*Greenlee v. Dukes Plastering Serv.*, 75 S.W.3d 273, 277–78 (Mo. banc 2002) (citations omitted).

Upon review of the workers' compensation statute, it is clear the legislature had a rational basis for allowing the Second Injury Fund to invoke the same defenses available to employers. Missouri law requires that all "employers" carry workers' compensation insurance or seek permission to self-insure. § 287.280. By definition, the requirement is only applicable to employers with five or more employees. § 287.030.1(3). The Second Injury Fund receives its funding from insurers and employers who are in compliance with the law. *Mann v. Varney Const.*, 23 S.W.3d 231, 233 (Mo.App. E.D.2000). Under the plain language of Section 287.220.5, the Second Injury Fund has limited liability to cover those employers who fail to provide workers' compensation insurance as required by law. This provision furthers the State's legitimate interest in making certain that injured employees are not denied disability benefits solely because their employers failed to comply with the law.

Since a claimant would not be entitled to seek benefits against an employer with fewer than five employees, it is reasonable

to preclude the claimant from pursuing benefits against the Second Injury Fund on that same basis. The minimum employee requirement is rationally related to the legislative purpose of using the Second Injury Fund to pay disability claims that should have been insured by employers covered under the workers' compensation statute. The application of the employer exemption to the Second Injury Fund is justified, despite any statutory discrimination alleged by Higgins. The equal protection claim is without merit.

## CONCLUSION

Higgins' challenge to the statutory construction of Sections 287.030.1(3) and 287.220.5 is denied. The ALJ properly determined that Chaney was an exempt employer and that the exemption applied to defeat Higgins' claim against the Second Injury Fund. The Commission's final decision is affirmed.

All concur.