David TAYLOR, Claimant–Appellant,

v.

CONTRACT FREIGHTERS, INC.,
Employer–Respondent,

and

Missouri State Treasurer, Custodian of
the 2nd Injury Fund, Respondent.

No. SD 29945.

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 2010.

Motion for Rehearing or Transfer Denied
April 30, 2010.

Application for Transfer Denied
Aug. 31, 2010.

**380**

John A. Christiansen, Blue Springs, for Appellant.

Ronald G. Sparlin, Joplin, for Employer–Respondent.

Chris Koster, Atty. Gen., Christina Hammers, Springfield, for Custodian Second Injury Fund.

NANCY STEFFEN RAHMEYER, Judge.

David Taylor ("Claimant"), who is sixty-seven years old, worked a total of over thirteen years in the employ of Contract Freighters, Inc. ("CFI"), as an over-the-road truck driver. On November 4, 2006, while working for CFI driving an 18–wheeler, Claimant claimed he felt a dip down as his truck veered to the right and started off the road. As he attempted to correct the truck and veer back to the left, the truck ran off the road; Claimant received injuries from the accident. CFI denied coverage for the injuries on the basis that the accident involved an "idiopathic condition," which was not covered by Chapter 287; CFI claims that Claimant coughed just prior to the accident and that his coughing was an idiopathic condition pursuant to section 287.020.3.[1] The Labor and Industrial Relations Commission ("the Commission") agreed and denied Claimant benefits.

■ Claimant sets forth a multi-pronged point; he argues that there was insufficient evidence to support the finding that coughing caused the wreck and that the Commission erred in finding that any alleged coughing was an idiopathic condition. Although Claimant's point violates Rule 84.04 by bringing two disparate claims in one point, CFI was able to discern Claimant's argument, as are we, and we choose to review the point on its merits. It is always this Court's preference to address a point on its merits where we can discern the argument being made and can address it without becoming an advocate for a party or placing an opposing party at a disadvantage. *Citizens for Ground Water Protection v. Porter*, 275 S.W.3d 329, 347 (Mo.App. S.D.2008).

This Court's review of a decision of the Commission in workers' compensation cases is set forth in *Kuykendall v. Gates Rubber Company*, 207 S.W.3d 694 (Mo. App. S.D.2006):

> Generally, in reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ. However, if, as in the present matter, "the Commission incorporates the ALJ's award and decisions ... we consider the findings and conclusions of the Commission as including the ALJ's award." "The Commission reviews the record, and, where appropriate, it will also determine the credibility of witnesses and the weight of their testimony, resolve any conflicts in the evidence,

---

1. All references to statutes are to RSMo Cum. Supp.2005, and all rule references are to Missouri Court Rules (2009), unless otherwise specified.

and reach its own conclusions on factual issues *independent* of the ALJ." "The Commission's interpretation and application of the law ... are not binding on this [C]ourt and fall within our realm of independent review and correction."

*Id.* at 702 (internal citations omitted).

Section 287.020.3 provides that an injury shall be deemed to arise out of and in the course of employment only if:

(a) it is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and

(b) it does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

Section 287.020.3(2).

 Clearly, there is no question that Claimant would have sustained an injury arising out of and in the course of his employment absent the finding regarding his idiopathic condition. The injury, as defined by section 287.020.3(5), was the "violence to the physical structure of the body." The cough did not cause the physical violence to the body structure. Furthermore, an accident is defined as an "unexpected traumatic event or unusual strain identifiable by time and place of occurrence ... caused by a specific event during a single work shift." Section 287.020.2. The cough was not an unexpected traumatic event or unusual strain identifiable by time and place of occurrence. The truck accident was the unexpected traumatic event. The truck accident caused the violence to the body structure. There is no claim that the injury came from a hazard or risk unrelated to the employment to which Claimant was equally exposed outside of and unrelated to the employment in normal non-employ-

ment life. Therefore, because Claimant met his burden in establishing that he sustained an injury arising out of and in the course of his employment, we now address section 287.020.3(3).

 In 2005, the legislature enacted section 287.020.3(3), which states, "An injury resulting directly or indirectly from idiopathic causes is not compensable." Section 287.020.3(3). We find that there is no evidence that Claimant had an idiopathic condition, specifically, even if Claimant coughed while driving the truck, there was no evidence that the cough was an idiopathic condition as defined under the workers' compensation law. An idiopathic condition is one that is "peculiar to the individual: innate." *Alexander v. D.L. Sitton Motor Lines,* 851 S.W.2d 525, 527 n. 3 (Mo. banc 1993). Evidentiary support is required to successfully claim an event is entirely idiopathic, "i.e., the event results from some cause personal to the individual, such as a physical defect or disease." *Huffmaster v. Am. Rec. Prods.,* 180 S.W.3d 525, 529 (Mo.App. E.D.2006). There is no evidentiary support that, even if we accept the factual determination by the Commission that Claimant coughed just prior to the accident, his cough was caused by a physical defect or disease.

The Commission cited *Ahern v. P & H, LLC,* 254 S.W.3d 129 (Mo.App. E.D.2008), as support for the denial of benefits. *Ahern* addressed the effect of section 287.020.3(3) in a case where an employee was injured after he suffered a seizure while roofing a building and fell from the roof. *Id.* at 132, 135. In *Ahern,* the Commission denied benefits and the Eastern District of this Court affirmed, finding that the employee's condition of seizures was an idiopathic condition because it was "peculiar to the [employee]" and contributed to the occurrence of the injury. *Id.* at

135–36. In this case, the Commission correlates a medically diagnosed seizure condition to a cough and determined that coughing is an idiopathic condition. There was not sufficient competent evidence in the record to warrant that conclusion.

█ To accept the Commission's finding, there must have been evidence that this cough was uniquely personal to Claimant. It is within a layperson's knowledge that all people cough, and for a variety of reasons. The very fact that all people cough is enough to distinguish this case from the seizure in *Ahern*. It is CFI that is contending that coughing is an idiopathic condition, i.e. peculiar to Claimant, not common to all people. Expert medical testimony is not necessary to establish the cause of an injury if causation is a matter within the understanding of laypersons; however, when the condition presented is "a sophisticated injury that requires surgical intervention or other highly scientific technique for diagnosis ... the proof of causation is not within the realm of lay understanding nor-in the absence of expert opinion-is the finding of causation within the competency of the administrative tribunal." *Kuykendall*, 207 S.W.3d at 711–12. If Claimant had such a unique coughing condition that it made it a physical defect or disease, it was not put into evidence in this case. There was no testimony in this matter of the medical origin of Claimant's cough.

The Commission simply stated the following reasoning. Claimant had an admitted episode of coughing at the time of the accident, Claimant had coughing spells in the past, and, therefore, Claimant's cough on this occasion was caused by his chronic coughing spell.[2] There was simply no evidence that this particular cough was the result of Claimant's chronic coughing condition or, more importantly, that this cough was unique to Claimant.[3]

To reach the Commission's conclusion that Claimant's idiopathic condition caused the cough on the day of the accident, there must have been some evidence that this particular cough was caused by some coughing condition unique to Claimant. There is no evidence in the record to support that conclusion. The problem with the Commission's analysis is that at any time an employee coughs or sneezes, something so common that it cannot be said to be peculiar to any employee, the burden would be on the employee to prove what caused the cough or sneeze. An employee would be forced to get into the area of the negligence of the employer in allowing dusty conditions or irritating inhalants on its property. "The substitution of the Workers' Compensation Law for traditional tort remedies reflects an historical compromise recognizing the benefits of providing a means to effectively resolve claims for workers' injuries without resorting to the unpredictability of litigation." *State ex rel. Larkin v. Oxenhandler*, 159 S.W.3d 417, 421 (Mo.App. W.D.2005). It would be an ironic twist if a claimant contended that a cough directly or indirectly caused an injury to the claimant and, therefore, the workers' compensation law did not apply. It would be nonsensical if, due to the negligence of an employer in causing the person to cough, the workers'

---

**2.** The ALJ found that Claimant was a smoker and had a smoker's cough. The Commission did not make that finding, although it gave "deference" to the ALJ's finding. It does not affect our analysis here whether the cough was a "smoker's cough," as there was no evidence as to that as any medical diagnosis.

**3.** If the Commission's finding is that every person has a cough unique to himself, then the very definition of idiopathic condition is rendered meaningless.

compensation law did not apply. To hold, on the facts of this case, that a cough is an idiopathic condition strains beyond recognition the definition of idiopathic condition. That logic is absolutely contrary to the rationale for workers' compensation benefits.

The judgment of the Commission is reversed as the award is contrary to the overwhelming weight of the evidence. The Commission erred in finding that Claimant's cough was an idiopathic condition. The case is remanded for a hearing not inconsistent with this opinion.

SCOTT, C.J., recused.

LYNCH, P.J., concurs in separate opinion.

BATES, J., concurs.

GARY W. LYNCH, Presiding Judge, concurring.

I concur in the principal opinion. As explained there, coughing—a condition common to all humans—is not a condition peculiar to Claimant and, thus, by definition is not idiopathic. Because Claimant's injuries were not the result, either directly or indirectly, of an idiopathic cause, the Commission erred in applying section 287.020.3(3) to deny Claimant compensation for his injuries.

I write separately to point out that our decision in this case is limited solely to that issue. We need not and do not address any issue related to the interplay between subsection 287.020.3(2), which grants compensability for an injury by accident, and subsection 287.020.3(3), which denies compensability for an injury resulting from idiopathic causes. Likewise, we express no opinion as to whether *Ahern* properly addressed this interplay under its facts.

The legislative changes in 2005—substantial rewording of section 287.020.3(2), the inclusion of section 287.020.3(3), and the requirement that they be strictly construed—raise several questions. Do these two subsections of 287.020.3 describe two mutually exclusive classes of injuries such that a finding under one excludes a finding under the other? Or, assuming that facts may support findings under both subsections in a particular case, does one trump the other? If so, which one prevails? Because we find that section 287.020.3(3) does not apply to the facts of this case, we necessarily must leave the answers to these questions for another day.