Angela T. Quigless, J.
*715 The Director of Revenue ("Director") appeals from the judgment of the trial court reinstating the driving privileges of Earnie R. Thomas ("Mr. Thomas"). The Director asserts one point on appeal, arguing the trial court erred in finding Mr. Thomas's breath test results were inadmissible because they were obtained in violation of Section 577.037[1] and Mr. Thomas's due process rights. We transfer the case to the Missouri Supreme Court.
Factual and Procedural Background
On October 18, 2015, Mr. Thomas drove his car off the road and crashed into an embankment. The officer investigating the crash asked Mr. Thomas to submit to field sobriety tests and a preliminary breath test. Mr. Thomas consented. After each of these tests indicated Mr. Thomas may be intoxicated, the officer placed him under arrest and took him to the sheriff's office. The officer then informed Mr. Thomas of the Missouri Implied Consent Law, as required by Section 577.041.1, and asked him to submit to a chemical breath test of his blood alcohol content. The notice given by the officer included the statutorily required warning that "If you refuse to take the test, your driver license will immediately be revoked for one year." (emphasis added).[2] After hearing this warning, Mr. Thomas submitted to the breath test, which showed that his blood alcohol content was .083%.
The officer issued Mr. Thomas a Missouri Department of Revenue Form 2385 Notice of Suspension or Revocation. Mr. Thomas requested an administrative hearing before the Missouri Department of Revenue. Following the hearing, the suspension was upheld. Mr. Thomas then filed a petition for trial de novo in the circuit court, arguing, inter alia , "the implied consent warning read to [Mr. Thomas] was inaccurate," therefore, "[Mr. Thomas]'s breath test results are inadmissible in that they were obtained in violation of [Mr. Thomas]'s Due Process Rights under Article I section 10 of the Missouri constitution, as well as the 5th and 14th amendments of the United States constitution."
During the trial de novo , the arresting officer testified regarding Mr. Thomas's arrest. The Director also introduced as Exhibit A an arrest packet which included: the Notice of Suspension, the Alcohol Influence Report, the officer's narrative, the Missouri State Highway Patrol Uniform Citation, a certified copy of Mr. Thomas's *716 Missouri Driver Record, the Intox DMT Maintenance Report, and the breath test results. Mr. Thomas objected to the admission of the breath test results, arguing they were obtained in violation of his due process rights because his consent to the test was invalid in that he was misinformed of the consequences of refusing to submit to the test. Specifically, Mr. Thomas argued that, although Section 577.041.1 expressly required the officer to inform him his license would be "immediately" revoked if he refused to submit, this was not true because the revocation would not begin for fifteen days. Because the false information prejudiced his ability to make an informed decision, he argued, the results were inadmissible as obtained in violation of his due process rights.
The trial court reserved ruling on the objection and allowed the breath test results to be admitted into evidence, subject to additional briefing on the constitutional issue. After trial, the parties each submitted a brief addressing this issue. The Director argued the warning could not be unconstitutional because "[t]he Missouri General Assembly mandated by statute the particular language an officer is required to use when requesting that a driver submit to a test to determine his blood alcohol content" including the language that "the person's license shall be immediately revoked upon refusal to take the test." (emphasis in original). Mr. Thomas argued the test results were obtained in violation of his due process rights because the officer informed him his license would be "immediately" revoked if he failed to submit to the test. This was "blatantly incorrect information" because, under the statute, he would receive a fifteen-day driving permit prior to the date of revocation. The "untrue" and "coercive" warning, he argued, invalidated his consent by prejudicing his ability to make an informed decision.
The trial court initially issued a judgment sustaining the suspension and finding Mr. Thomas was arrested upon probable cause to believe he was driving while intoxicated, and that Mr. Thomas's blood alcohol content was determined to be in excess of .08%. After reviewing the briefs regarding the constitutional issue, the court entered an order vacating its earlier judgment.
The court then entered a new judgment finding the breath test results were inadmissible because the use of the word "immediately" in the warning mandated by Section 577.041.1 is "patently untrue," therefore, the test results were obtained in violation of Section 577.037 and Mr. Thomas's due process rights. The court concluded, in the absence of the breath test results, the Director failed to meet its burden of proving Mr. Thomas's blood alcohol content exceeded .08%. The court then entered its judgment reinstating Mr. Thomas's driver's license. This appeal follows.
Point on Appeal
The Director asserts one point on appeal, arguing the trial court erred in finding Mr. Thomas's breath test results inadmissible because the results were not obtained in violation of the requirements of Section 577.037.4, or Mr. Thomas's due process rights, in that the law requires that officers use particular language when requesting that a person submit to a test to determine his or her blood alcohol concentration, including the warning that "his or her license shall be immediately revoked upon refusal to take the test."
Discussion
First, we must address whether we have jurisdiction over this appeal. "It is incumbent on this court to determine its jurisdiction sua sponte before reaching the *717 merits of this appeal." Kinder v. Holden , 92 S.W.3d 793, 800 (Mo. App. W.D. 2002). The dispositive issue on appeal is whether the trial court erred in finding that certain language in Section 577.041.1, particularly the portion requiring an arresting officer to advise a driver suspected of being intoxicated that their license will be "immediately" revoked if they refuse to submit to a chemical test of their blood alcohol content, is unconstitutional because it violates due process by misinforming drivers of the actual consequences of refusal. Mr. Thomas asserts that jurisdiction in this Court is not proper because "the main issues in this appeal center around the validity of wording in a statute and constitutional provisions of this State, and therefore [jurisdiction] may be more properly within the exclusive appellate jurisdiction of the Supreme Court of Missouri under Article V, Section 3 of the Missouri Constitution." We agree.
Under Article V, § 3 of the Missouri Constitution, the Missouri Supreme Court has exclusive jurisdiction in all cases involving the constitutional validity of a statute. Higgins v. Treasurer of Mo. , 140 S.W.3d 94, 98 (Mo. App. W.D. 2004). "However, the mere assertion that a statute is unconstitutional does not deprive the court of appeals of jurisdiction." Wright v. Mo. Dep't of Soc. Servs. , 25 S.W.3d 525, 528 (Mo. App. W.D. 2000). The constitutional issue must be "real and substantial, not merely colorable." Rodriguez v. Suzuki Motor Corp. , 996 S.W.2d 47, 51 (Mo. banc 1999).
In determining whether a constitutional claim is real and substantial, we make a preliminary inquiry as to whether it presents a contested matter of right that involves fair doubt and reasonable room for disagreement. If the initial inquiry discloses the claim is so legally or factually insubstantial as to be plainly without merit, the claim may be deemed merely colorable.
McCormack v. Capital Elec. Constr. Co. , 159 S.W.3d 387, 404 (Mo. App. W.D. 2004) (citations omitted). "One clear indication that a constitutional challenge is real and substantial and made in good faith is that the challenge is one of first impression with this Court." Rodriguez , 996 S.W.2d at 52. Conversely, transfer is not required "when the precise constitutional questions raised have been settled by prior decisions of [the Missouri Supreme Court]." Id.
Here, Mr. Thomas argued, and the trial court found, that his constitutional right to due process was violated because the arresting officer falsely informed Mr. Thomas that his license would be "immediately" revoked if he refused to submit to a breath test, and this prejudiced his ability to make an informed decision regarding whether to submit to the test. The parties concede, and it was uncontested at trial, that the warning given by the officer in this case fully complied with Section 577.041.1 RSMo 2000 (Cum. Supp. 2013). It is also undisputed that Section 577.041.1 expressly required the officer to inform Mr. Thomas that his license would be "immediately" revoked if he refused to submit to the breath test.
Based on these facts, the trial court found that Mr. Thomas's due process rights were violated because "[t]he use of the word 'immediately' is patently untrue." The trial court reasoned, "There can be no question that being given false information prejudices, and in fact completely disables, a person's ability to make an informed decision." The trial court further reasoned that "the breath test results were obtained in violation of the requirements of 577.037.4, as well as [Mr. Thomas]'s due process rights, therefore rendering the results inadmissible." In reaching this conclusion, the trial court relied on the test *718 set forth by the Missouri Supreme Court in Teson v. Director of Revenue for when an individual's due process rights are violated by inaccurate information in an implied consent warning. See Teson v. Dir. of Rev. , 937 S.W.2d 195 (Mo. banc 1996). Finally, the court concluded, "Without these breath results, the [Director] cannot meet their burden in proving the essential element that [Mr. Thomas]'s blood alcohol content was over .08% while operating a motor vehicle, as is required for a suspension under RSMo 302.505."
In determining whether the Missouri Supreme Court has jurisdiction under Article V, § 3 of the Missouri Constitution "[t]he sole question is whether the validity of the statute is involved." State ex rel. Union Elec. Co. v. Public Service Comm'n , 687 S.W.2d 162, 164 (Mo. banc 1985) ; McNeal v. McNeal-Sydnor , 472 S.W.3d 194, 197 (Mo. banc 2015). There is no question that the trial court's judgement found the language of a warning expressly required by Section 577.041.1 violated Mr. Thomas's constitutional right to due process. If upheld, then every time an officer complies with Section 577.041.1 there will be a due process violation. Therefore, the trial court's judgment necessarily involves the constitutional validity of Section 577.041.1.[3] See State v. Elliott , No. WD65782, 2006 WL 3770775, at *4 (Mo. App. W.D. Dec. 26, 2006) (transferring to the Missouri Supreme Court where appellant argued her due process right to notice was violated, even though the State complied with the relevant statute, because the notice provision of the statute itself did not comply with the requirements of due process), transfer accepted , State v. Elliott , 225 S.W.3d 423, 423 n.1 (Mo. banc 2007) ; see also State v. Lee Mech. Contractors, Inc. , No. ED68894, 1996 WL 174844, at *2 (Mo. App. E.D. Apr. 16, 1996) (whether a statute is sufficiently definite to afford a criminal defendant notice of the conduct prohibited raises a constitutional due process challenge to the validity of the statute, requiring transfer to the Missouri Supreme Court), transfer accepted , State v. Lee Mech. Contractors , 938 S.W.2d 269, 270 (Mo. banc 1997).
Additionally, we find this case involves a real and substantial challenge to the constitutional validity of Section 577.041.1. The Missouri Supreme Court has never considered whether the word "immediately" in Section 577.041.1 renders the statute unconstitutional as a violation of due process.[4] See Rodriguez , 996 S.W.2d at 52 ("One clear indication that a constitutional challenge is real and substantial and made in good faith is that the challenge is one of first impression with this Court."). It would also be difficult for us to conclude *719 the constitutional issue is not real and substantial in this case, in light of the fact that the constitutionality of Section 577.041.1 was the basis of the trial court's judgment. See State v. Lee Mech. Contractors, Inc. , No. ED68894, 1996 WL 174844, at *2 ("It is difficult to conclude that the constitutional issue is not real and substantial in view of the trial court action in dismissing the charges on Lee's motion challenging the constitutionality of the statute.").
The Director argues jurisdiction lies in this Court because we need not reach the constitutional challenge to Section 577.041.1 since Mr. Thomas did not properly challenge the validity of the statute before the trial court.[5] We disagree. Even if it were possible for us to resolve this appeal without reaching the constitutional issue, we would still lack the jurisdiction to do so because "[e]xclusive appellate jurisdiction of a case cannot depend upon how certain issues of that case are decided, with appellate jurisdiction in [the Supreme Court] if decided one way but jurisdiction in the court of appeals if decided the other way." Boeving v. Kander , 496 S.W.3d 498, 503 (Mo. banc 2016) (quoting State ex rel. State Highway Comm'n v. Wiggins , 454 S.W.2d 899, 902 (Mo. banc 1970) ). "The fact that this Court does not need to reach the merits of Proponents' constitutional claim in order to resolve Opponents' appeal does not change the analysis or give the court of appeals appellate jurisdiction." Id. at 504.
Where a case is improperly appealed to this Court which should have been sent to the Supreme Court "it shall be the duty of such district of the court of appeals, immediately on such fact coming to its attention, to order the transfer of the same to the supreme court." Section 477.080 RSMo 2016. Accordingly, we lack jurisdiction over this appeal, and the case must be transferred to the Missouri Supreme Court.
Conclusion
The case is transferred to the Missouri Supreme Court, pursuant to Article V, § 3 of the Missouri Constitution and Section 477.080 RSMo 2016.
Roy L. Richter, P.J., and Robert M. Clayton III, J., concur.

All statutory references are to RSMo 2000 (Cum. Supp. 2007), unless otherwise indicated.

The full warning given to Mr. Thomas was the following:
You are under arrest and I have reasonable grounds to believe you were driving a motor vehicle while in an intoxicated or drugged condition. To determine the alcohol or drug content of your blood, I am requesting you submit to a chemical test of your breath. If you refuse to take the test, your driver license will immediately be revoked for one year. Evidence of your refusal to take the test may be used against you in prosecution in a court of law. Having been informed of the reasons for requesting the test, will you take the test?

The court of appeals has often exercised its jurisdiction to decide whether a driver's due process rights were violated when an officer deviated from the requirements of Section 577.041.1. See, e.g. , Mullin v. Dir. of Revenue , 556 S.W.3d 626, 632-33 (Mo. App. W.D. 2018) ; Teson v. Dir. of Revenue , No. ED69358, 1996 WL 277787, at *4 (Mo. App. E.D. May 21, 1996) (exercising jurisdiction to issue an opinion, but transferring the case to the Missouri Supreme Court "because of the general interest and importance of the question;" noting "this court has at least ten cases pending raising this identical issue"). However, unlike in this case, exclusive appellate jurisdiction did not lie with the Missouri Supreme Court in those cases because the question of whether deviating from a statute violates the constitution does not implicate the constitutional validity of the statute.

In Teson , the Missouri Supreme Court held that deviating from Section 577.041.1 by excluding the word "immediately" when warning a driver of the consequences of refusing to submit to a chemical blood alcohol concentration test does not violate due process. See Teson , 937 S.W.2d at 196. However, that is a different question from whether following the statute precisely and including the word "immediately" results in a due process violation.

Although we need not address the Director's waiver argument, we note the following facts: Mr. Thomas's petition for a trial de novo asserted the breath test results were inadmissible because they were obtained in violation of his due process rights. During trial, Mr. Thomas repeatedly argued the word "immediately," which is statutorily-mandated by Section 577.041.1, was inaccurate and resulted in a due process violation. The trial court allowed the parties to submit written briefs addressing the constitutional issue. Both Mr. Thomas and the Director acknowledged in their arguments that the word "immediately" was expressly mandated by Section 577.041.1. Indeed, the Director's point relied on makes it clear that the validity of the Section 577.041.1 is at issue in this appeal. Therefore, it would be difficult for us to conclude a constitutional challenge to the validity of Section 577.041.1 was not properly raised or preserved for appeal. Regardless, whether Mr. Thomas properly asserted and preserved a constitutional challenge to the validity of Section 577.041.1, the basis of the trial court's judgment was its conclusion that the language of the statute was "patently false" and, therefore, the warning issued to Mr. Thomas violated his due process rights.