

# In the Missouri Court of Appeals

## Eastern District

DIVISION THREE

| | | |
|---|---|---|
| MARK DEML, | ) | No. ED101461 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| vs. | ) | of Lincoln County |
| | ) | |
| SHEEHAN PIPELINE CONSTRUCTION, | ) | Hon. Chris K. Mennemeyer |
| | ) | |
| Respondent. | ) | FILED: December 23, 2014 |

Mark Deml ("Employee") appeals from the trial court's grant of summary judgment in favor of Sheehan Pipeline Construction Company, et al. ("Employer"). Employee argues the trial court erred in granting Employer's motion for summary judgment because: (1) it failed to make a finding that Employee's exercise of his rights under the Workers' Compensation Law was not a contributing factor in Employer's decision to terminate Employee, and (2) its finding the Employee did not exercise any rights until after he was terminated was incorrect. We reverse and remand.

Employee began working for Employer in 2009 and worked on a project in Lincoln County, Missouri. Employee suffered a heatstroke while working on the project. Employee was not able to work for several days. He requested and received medical treatment pursuant to Missouri's workers' compensation laws. Employee's physician put restrictions on his ability to work, limiting him to four hour days, avoiding heat, and working in the air conditioning. Employee requested these accommodations from Employer, but Employer denied them. Employee then requested that his physician put him on ten hour days so he could return to work.

Employee returned to work and was given a job moving plastic that was buried under dirt. Employee requested to work in air-conditioning and to be able to use an umbrella, but Employer refused both accommodations. Employee worked moving plastic from June 30 through July 17, when he injured his shoulder. Employee was terminated on July 18.

Employee subsequently filed a petition against Employer for violations of the Workers' Compensation Law. Employer filed an answer along with several affirmative defenses. Employer also requested that the trial court dismiss Employee's petition with prejudice. The trial court struck Employee's request for attorney fees from the Workers' Compensation Law claim.

Employer subsequently filed a motion for summary judgment, arguing Employee could not establish a prima facie case of discrimination under the Workers' Compensation Law. Employee did not file a timely response. Employee later made an oral motion to file its response to the motion for summary judgment. Employer objected and made an oral motion to strike Employee's responsive pleadings because they were out of time.

The trial court denied Employee's oral motion to file his responsive pleadings as out of time. With respect to the motion for summary judgment, the trial court found Employee failed to make a submissible case of retaliation for his filing of a workers' compensation claim because he admitted alternative reasons for Employer's alleged adverse employment actions. In other words, Employee admitted his exercise of his rights under the Workers' Compensation Law was not the exclusive cause for his termination. Therefore, the trial court granted Employer's motion for summary judgment. This appeal follows.

Appellate review of a trial court's grant of summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We will review the record in the light most favorable to the party against whom judgment was entered. Id. We accord the non-movant the benefit of all reasonable inferences from the

record. Id. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. Id. We will uphold summary judgment on appeal only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. When we review a summary judgment, we look not just to the petition, but to all the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits to determine if there is any material fact issue and that the moving party was entitled to judgment as a matter of law. Thompson v. Higginbotham, 187 S.W.3d 3, 5-6 (Mo. App. W.D. 2006).

In his first point, Employee argues the trial court erred in granting Employer's motion for summary judgment because it failed to make a finding that Employee's exercise of his rights under the Workers' Compensation Law was not a contributing factor in Employer's decision to terminate Employee. Employee contends the court incorrectly applied the exclusive causation standard, which has been abrogated in favor of the contributing factor standard, and there are genuine issues of material fact regarding whether Employee's exercise of his rights under the Workers' Compensation Law was a contributing factor in Employer's decision to terminate Employee. We agree.

Section 287.780 provides: "No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer." The trial court reasoned that to establish a claim under Section 287.780, Employee must prove: (1) he was employed by Employer before the injury; (2) he filed a workers' compensation claim; (3) Employer discriminated against him or discharged him; and (4) there was an exclusive causal relationship between his filing of a claim and Employer's actions.

However, the Missouri Supreme Court recently altered the criteria at issue in the fourth prong. In Templemire v. W & M Welding, Inc., 433 S.W.3d 371, 373 (Mo. banc 2014), it held to make a submissible case for retaliatory discharge under Section 287.780, an employee must demonstrate the exercise of rights under Chapter 287 was a "contributing factor" to the employer's discrimination or the employee's discharge.

The Supreme Court announced its decision in Templemire after the trial court granted summary judgment in this case, but before Employee filed his notice of appeal. Thus, there is a question regarding whether the holding of Templemire should apply to this case.

The Missouri Supreme Court has recognized a general rule that a change in the law by judicial decision is to be given retroactive effect. Overlap, Inc. v. A.G. Edwards & Sons, Inc., 318 S.W.3d 219, 227 (Mo. App. W.D. 2010). The Supreme Court, however, has also acknowledged its authority to declare whether such decisions are retroactive or prospective based on the merits of each individual case. Id. Two exceptions exist to the general rule of retroactivity. Id. The first exception is found when the change pertains to procedural as opposed to substantive law. Id. Such procedural decisions are to be given prospective effect only. Id. The second exception turns not on whether the change in the law is procedural or substantive but on the issue of fundamental fairness. Overlap, Inc., 318 S.W.3d at 227. If the parties have relied on the state of the decisional law as it existed prior to the change, courts may apply the law prospectively only in order to avoid injustice and unfairness. Id. A three-factor test is used to resolve the issue of fairness when determining whether the Supreme Court's overruling decisions should be applied prospectively only. Johnson v. St. John's Mercy Medical Center, 812 S.W.2d 845, 851 (Mo. App. E.D. 1991). To determine whether a decision should be applied prospectively only, we must determine: (1) whether the decision establishes a new principle of law; (2) whether the purpose and effect of the new rule be enhanced or retarded by retroactive

4

application; and (3) what hardship will result to parties who relied upon the old rule if the new rule is applied retroactively. Id.

In Templemire, the Supreme Court altered the burden of proof for a claim under Section 287.780 such that a plaintiff did not have to prove exercising his or her rights under Chapter 287 was the "exclusive cause" of employer's discrimination or employee's discharge. Rather, after Templemire, a plaintiff had to prove the exercise of his or her rights under Chapter 287 was a "contributing factor." Such a change constitutes a substantive change in the law. See Lawson v. Ford Motor Co., 217 S.W.3d 345, 350(Mo. App. E.D. 2007) (finding the modification of the burden of proof from a showing that work was a "substantial factor" to a showing that it was the "prevailing factor" in causing the injury was a substantive change in the law.) Thus, the first exception for procedural changes is not applicable here.

Moreover, we find the second exception is also inapplicable to the current case. Here, there is no question the Supreme Court announced a new principle of law in Templemire. The Supreme Court found the legislature's use of the phrase, "in any way," in Section 287.780 is consistent with its analysis of the "contributory factor" language articulated in previous cases. Templemire, 433 S.W.3d at 384. Therefore, it found application of the "contributory factor" standard to claims under Section 287.780 fulfills the purpose of the statute, which is to prohibit employers from discharging or in any way discriminating against an employee for exercising his or her rights under chapter 287. Id. Moveover, the Supreme Court also found the purpose and effect of applying the "contributory factor" standard is to make the burden for an employee to prove he or she was discriminated against or discharged for exercising his or her rights under Chapter 287 consistent with the burden of proof required for other Missouri employment discrimination claims. Templemire, 433 S.W.3d at 384. The purpose of Section 287.780 is clear. The standard announced in Templemire furthers this purpose and retroactive application of that purpose would enhance such purpose. Lastly, while we note there will always be some

5

degree of hardship to the parties from the retroactive application of a new rule, we note the Supreme Court applied its new rule in Templemire by granting a new trial with the submission of a verdict director that instructs the jury that it must determine whether the employee's filing of a workers' compensation claim was a "contributing factor" to his discharge. Id. at 385. Thus, we follow the Supreme Court's example and find minimal hardship will result from the retroactive application of the standard announced in Templemire in this case.

To sum up, the Supreme Court in Templemire found that an employee must demonstrate the exercise of his or her rights under Chapter 287 was a "contributing factor" to the employer's discrimination or the employee's discharge. In addition, we conclude that Templemire must be applied retroactively to the case at bar. In granting summary judgment, the trial court applied the "exclusive cause" standard to the claims at issue here.

Therefore, we find the trial court erred in granting Employer's motion for summary judgment because Employee's exercise of his rights under the Workers' Compensation Law could have been a contributing factor in Employer's decision to terminate Employee. The trial court's entry of summary judgment was incorrect as a matter of law, and the case must be remanded to determine the facts to decide whether Employee's exercise of his rights was a contributing factor to his discharge. Point granted.

In his second point, Employee argues the trial court erred in granting Employer's motion for summary judgment because its finding that the Employee did not exercise any rights until after he was terminated was incorrect in that Employee alleges numerous instances where he exercised his rights prior to his termination. Employee contends these instances were not disputed by Employer and there remain genuine issues of material fact regarding whether or not Employee exercised his rights. We agree.

The question here is whether in this case there are any facts indicating Employee attempted to exercise his rights under Chapter 287. We will begin this inquiry by examining the motion for summary judgment and its supporting materials.

In its statement of uncontroverted material facts in support of its motion for summary judgment, Employer states "[Employee] admits that he first engaged in the process of making a workers' compensation claim, or first engaged in starting that process, sometime after his last day of employment with [Employer] on July 18, 2009." In addition, in his deposition, which is contained in the legal file supporting Employer's motion for summary judgment, the following dialogue took place:

> [Q]: As far as you know, when did you first take any steps related to Workers' Compensation?
> [Employee]: Steps?
> [Q]: When were you engaged in the process of making a Workers' Comp claim or starting that process?
> [Employee]: I'm thinking that might have been after they got rid [of] me after July 18th.

Here, Employee failed to file a response to Employer's motion for summary judgment. Thus, those facts asserted by Employer in its statement of uncontroverted material facts are deemed admitted. A failure to respond to the factual allegations in a party's motion for summary judgment constitutes an admission of those facts. Executive Bd. of Missouri Baptist Convention v. Windermere Baptist Conference Center, Inc., 430 S.W.3d 274, 283 (Mo. App. S.D. 2014).

However, as demonstrated above, in its motion for summary judgment and statement of uncontroverted material facts, Employer focuses on when Employee first filed a claim for workers' compensation benefits. Employee contends the filing of a claim is but one way to assert one's rights under Chapter 287, but there are numerous other ways in which one could assert his or her rights under Chapter 287. Employee contends that such actions as receiving medical treatment for a work-related injury, providing notice of such an injury to employer, and "interim disability from work" are incidents of compensable benefits and amount to the exercise

7

of rights under the Workers' Compensation Law. The Supreme Court's opinion in <u>Templemire</u> also indicates that Employee's interpretation is a correct reading of the law. <u>Id</u>. at 384. (not focusing on whether a claim was filed and finding the purpose of the statute is to prohibit employers from discharging or in any way discriminating against an employee for exercising his or her rights under chapter 287.); <u>see also</u> <u>Reed v. Sale Memorial Hosp. and Clinic</u>, 698 S.W.2d 931, 936 (Mo. App. S.D. 1985) (finding that a formal claim for compensation was not necessary to invoke one's rights under Section 287.780) <u>and</u> <u>Wiedower v. ACF Industries, Inc.</u>, 715 S.W.2d 303, 306 (Mo. App. E.D. 1986) (noting a plaintiff had effectively exercised his rights under Section 287.780 where a defendant was aware at the time of the discharge that the plaintiff had contacted an attorney in order to process a compensation claim). We also note <u>Reed</u> and <u>Wiedower</u> rely on Judge Blackmar's concurring opinion in <u>Hansome v. Northwestern Cooperage Co.</u>, 679 S.W.2d 273, 277 (Mo. banc 1984) (overruled on other grounds by <u>Templemire</u>, 433 S.W.3d at 373), where Judge Blackmar noted a discharge related to an employee availing himself of medical and hospital benefits under the Workers' Compensation Law was actionable under Section 287.780, even without the formal filing of a claim. Thus, we agree with Employee's argument regarding what constitutes the exercise of rights under the Workers' Compensation Law.

The next question is whether there are facts in this case to support Employee's contention that he exercised his rights under Chapter 287. The statement of uncontroverted material facts and the supporting deposition are focused on whether and when Employee first made a claim for workers' compensation benefits. As discussed above, this inquiry is insufficient because the filing of a claim is not necessary to invoke one's rights under Chapter 287. Thus, the statement of uncontroverted material facts cannot adequately answer the question of whether Employee attempted to exercise his rights under Chapter 287.

As a result, we must determine whether other factual allegations demonstrate that Employee exercised his rights under Chapter 287 in this case. In Employee's petition, he stated "[Employee] attempted to exercise his rights under Chapter 287." Further, Employee contended Employer's discrimination and/or discharge of Employee was a direct result and exclusive cause of Employee's attempt to exercise his rights under Chapter 287. In its answer, Employer stated these allegations contain legal conclusions to which no response is required, but to the extent a response was required, it denied these allegations. In his petition, Employee also asserted that he suffered a heatstroke while working for Employer. Further, Employee asserted he sought and received medical treatment for such injury. Employee also maintained he stayed home for several days and did not work. In its answer, Employer admitted all of these allegations, and these facts were not contested elsewhere. Thus, we find these allegations constitute sufficient evidence that Employee exercised his rights under Chapter 287.

Because Employee exercised his rights under Chapter 287 before he was discharged, there remains a genuine issue of material fact regarding whether Employee's exercise of his rights was a contributing factor to his discharge.

Therefore, the trial court erred in granting Employer's motion for summary judgment because its finding the Employee did not exercise any rights until after he was terminated was in error. Point granted.

The trial court's judgment is reversed and remanded.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.

9